Filed 9/20/23  P. v. Monroe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097863 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F05343) |
| v. | |
| D'ANDRE LEON MONROE, | |
| Defendant and Appellant. | |

A jury found defendant D'Andre Leon Monroe guilty of second degree murder and shooting at an inhabited house.  The jury also found true several firearm enhancement allegations, including that defendant personally and intentionally discharged a firearm causing the victim's death.  The jury acquitted a codefendant of murdering the victim and shooting at an inhabited house but found him guilty of discharging a firearm in a grossly negligent manner.  The trial court sentenced defendant to 15 years to life in prison for the murder, a consecutive 25 years to life for the personal discharge allegation, and a stayed term for the shooting at an inhabited house.

1

In 2022, defendant filed a petition for resentencing under Penal Code section 1172.6.[1]  After the trial court issued an order to show cause and held a hearing, it denied defendant's petition, concluding defendant personally killed the victim.  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and requesting we exercise our discretion to review the record for arguable issues on appeal.  Defendant filed a supplemental brief.

Having considered the three specific issues raised in defendant's supplemental brief, we affirm the trial court's order denying defendant's petition.

## DISCUSSION

First defendant asserts that his sentence enhancement should be dismissed pursuant to section 1385 following passage of Senate Bill No. 81 (2021-2022 Reg. Sess.). "In 2021, the Legislature enacted Senate Bill No. 81 [(2021-2022 Reg. Sess.)], which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674, citing Stats. 2021, ch. 721, § 1.)  These amendments are not retroactive; section 1385, subdivision (c) "shall apply to all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).)  Defendant was sentenced in 2014, years before these changes to section 1385 became effective.

Second defendant asserts entitlement to sentencing relief under "Assembly Bill [No.] 1310."  As of this writing, this proposed legislation has neither been passed by the Legislature nor signed by the Governor.

---

[1] Further undesignated section references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.)

Third defendant asserts entitlement to sentencing relief under Assembly Bill No. 2942 (2017-2018 Reg. Sess.).  That legislation amended a recall and resentencing provision in former subdivision (d) of section 1170 to authorize district attorneys to be included among those who may recommend recall and resentencing (Stats. 2018, ch. 1001, § 1), authorization now found in section 1172.1.  The change affected by this legislation is not factually implicated here.

Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete.  (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 232.)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


/s/
MESIWALA, J.



We concur:



/s/
EARL, P. J.



/s/
HULL, J.


3